UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBIN BARNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:17-cv-00616-JD-MGG |
| ) | |
| ZIMMER BIOMET HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR EMERGENCY TELEPHONIC STATUS CONFERENCE

Plaintiff Robin Barney ("Barney"), by counsel, files her Motion for Emergency Telephonic Status Conference, and states as follows:

1. The current discovery deadline for this case is October 1, 2018.

2. In February and March, 2018, the Parties agreed upon the following upcoming deposition dates[1] in this matter:

- August 22, 2018 – Dan Florin (requested by Plaintiff)
- August 22, 2018 – Mike Norris (requested by Plaintiff)
- August 29, 2018 – Robin Barney (requested by Defendant)
- August 30, 2018 – Terry Martin (requested by Defendant)

3. Plaintiff originally provided Notices and Subpoenas to Defendant, for the depositions of Dan Florin and Mike Norris, on March 7, 2018, for dates selected by agreement of counsel for both parties. (Ex. A, Notice and Subpoena to Dan Florin and Mike Norris). The depositions were originally scheduled for August 26, 2018.

4. On March 28, 2018, counsel for Defendant informed counsel for Plaintiff via email that an immovable conflict had arisen, and Mr. Florin's deposition would need to be rescheduled.

---

[1] Two depositions have already been completed, and one deposition remains to be scheduled.

5. On March 30, 2018, the parties agreed to a new date for the depositions of Dan Florin and Mike Norris – August 22, 2018. Plaintiff provided amended notices and subpoenas on April 2, 2018. (Ex. B, Amended Notice and Subpoena to Dan Florin and Mike Norris).

6. Since March 30, 2018, the Florin and Norris depositions have been scheduled, noticed, subpoenaed by agreement for August 22.

7. On June 19, 2018, Plaintiff filed a Motion to Compel [Dkt. 36] related to Defendant's written discovery responses, and instruction to deponents not to respond to certain deposition questions on the basis of "scope." That Motion is fully briefed.

8. On July 5, 2018, Defendant filed a Motion to Stay All Proceedings [Dkt. 44], requesting that this case be stayed in its entirety, pending the resolution of motions to dismiss in a separate case alleging a putative securities class action, captioned *Shah et al v. Zimmer Biomet Holdings, Inc. et al*, Case No. 3:16-cv-00815 (N.D. Ind. Dec. 21, 2016). The Motion to Stay is also fully briefed.

9. The basis of Defendant's Motion to Stay is that Barney seeks discovery "pertinent only to claims asserted in the Securities Action" which is subject to a stay under the Private Securities Litigation Reform Act ("PSLRA"). [Sealed Dkt. 47 at 2].

10. As explained more thoroughly in Plaintiff's Response to Defendant's Motion to Stay [Dkt. 51], Ms. Barney's lawsuit has touched on securities-related issues from the beginning. Ms. Barney's Third Amended Complaint alleges that Ms. Barney felt she had no choice but to resign, or be forced to participate in business practices which could result in personal liability for securities fraud, resulting in her wrongful constructive discharge. [Dkt. 27, ¶¶ 26-28, 85-95].

11. Following Plaintiff's Motion to Compel, which seeks to compel responses to discovery related to Ms. Barney's constructive discharge claim (and additional comparator

evidence), Zimmer Biomet claimed surprise that Ms. Barney's discovery touches on some securities-related issues, and moved for a stay of the entire case.

12. Defendant has not moved to quash the deposition subpoenas to Dan Florin or Mike Norris.

13. On August 6, 2018, counsel for Plaintiff reached out to counsel for Defendant via email regarding the upcoming depositions of Robin Barney and Terry Martin, in an effort to resolve any potential confidentiality issues prior to the depositions. (Ex. C, Correspondence re: Depositions, at 1).

14. Later the same day, August 6, 2018 – over a month after Defendant filed its Motion to Stay [Dkt. 44], counsel for Defendant requested, for the first time, that all remaining depositions be adjourned, until after resolution of the pending motions (Plaintiff's Motion to Compel and Defendant's Motion to Stay All Proceedings). (Ex. C at 2).

15. Counsel for Plaintiff responded on August 6, 2018, indicating that Plaintiff would agree to postpone the depositions, if Defendant would provide new proposed dates, before the October 1, 2018, close of discovery. (Ex. C at 3, 5-6).

16. Counsel for Defendant refused to provide alternate dates within the current discovery deadline, and instead proposed that all four scheduled depositions be adjourned indefinitely, and that the parties jointly seek an extension of the discovery deadlines if the pending motions have not been ruled on by August 24, 2018. (Ex. C at 4).

17. Plaintiff is not willing to adjourn the depositions of Dan Florin and Mike Norris and extend the impending discovery deadlines simply because Defendant has requested a stay, and Defendant has indicated that it is not willing to produce those witnesses prior to the resolution of the pending motions, in spite of the fact that they were scheduled by agreement,

were subpoenaed months ago, and no motion to quash or motion for protective order has been filed as to those deposition notices and subpoenas. (Ex. C at 8).

18. "A motion to stay is not self-executing. Until an order granting the motion is entered, discovery is not stayed, and a party cannot simply ignore valid discovery requests on the ground that the motion to stay might be granted." *Polzin v. Unifund CCR Ptnrs*, No. 08-C-59, 2009 U.S. Dist. LEXIS 72931, at *11 (E.D. Wis. Aug. 11, 2009).

19. Defendant has also refused to participate in discovery since filing its Motion to Stay. On August 10, 2018, Defendant responded to Plaintiff's Second Requests for Production and Second Set of Interrogatories, objecting to every single request and producing no documents or information in response, on the basis that the requests "improperly attempt[] to conduct discovery of Zimmer Biomet notwithstanding the pendency of its Motion to Stay All Proceedings in this action."

20. "The defendant[] do[es] not get to determine unilaterally the scope and timing of discovery." *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004) (sanctioning defendants for refusal to respond to discovery which defendants claimed would only be relevant in the event a class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their motion to compel).

21. Plaintiff requests an emergency telephonic status conference to hear the Court's views on whether Defendant should be required to cooperate in discovery and honor the subpoenas issued and accepted by agreement, and to produce Dan Florin and Mike Norris for their scheduled depositions on August 22, 2018, particularly given the upcoming close of discovery on October 1, 2018, the delayed request to adjourn the depositions, the refusal to provide alternate dates, and the lack of motion to quash the subpoenas by Defendant.

4

22. On August 14, 2018, counsel for Plaintiff Kathleen DeLaney consulted with counsel for Defendant Troy Brown, seeking to jointly request an Emergency Telephonic Status Conference. On August 15, 2018, Mr. Brown indicated that while Defendant does not object to a status conference being scheduled, Defendant does not believe the request for a conference is emergent, and indicated that Defendant will promptly file a response to Plaintiff's Motion.

WHEREFORE, Plaintiff respectfully requests that an emergency telephonic status conference be set promptly to discuss the upcoming August 22, 2018, depositions and Defendant's refusal to participate in discovery while the Motion to Stay remains pending.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Annavieve C. Conklin (#33875-32)
DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205
(317) 920-0400

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CMECF system.

    John D. LaDue
    Stephen M. Judge
    jkuehn@lck-law.com
    sjudge@lck-law.com

    Troy S. Brown
    Michael L. Banks
    Meredith E. Riccio
    troy.brown@morganlewis.com
    michael.banks@morganlewis.com
    meredith.riccio@morganlewis.com

                                              */s/ Kathleen A. DeLaney*
                                              Kathleen A. DeLaney

DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205