UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBIN BARNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:17-cv-00616-JD-MGG |
| ) | |
| ZIMMER BIOMET HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO PLAINTIFF'S
MOTION FOR EMERGENCY TELEPHONIC STATUS CONFERENCE**

Defendant Zimmer Biomet Holdings, Inc. ("Zimmer Biomet"), by and through its undersigned counsel, respectfully submits this response to Plaintiff Robin Barney's Motion for Emergency Telephonic Status Conference [Dkt. 58].

1.  Counsel to Zimmer Biomet advised counsel to Plaintiff that Zimmer Biomet did not oppose the scheduling of a status conference in this action, on a non-emergency basis. Plaintiff elected to go forward with the instant Emergency Motion, which while styled as a request for a status conference, is actually a motion to compel Zimmer Biomet to produce for depositions next week its current Chief Financial Officer and former interim Chief Executive Officer, Dan Florin, and its former Global Vice President for Tax, Michael Norris. For the reasons set forth below, and in the attached correspondence which provides the Court with full context concerning Plaintiff's Emergency Motion and the current posture of depositions, Plaintiff's request to compel these depositions should be denied.

2.  For context, in February and March 2018, the Parties agreed on a prospective deposition schedule based on the October 1, 2018 discovery deadline. When the parties agreed to that prospective schedule, Plaintiff's strategy of seeking expansive securities fraud-related

discovery, expansive purported "comparator" discovery and other discovery untethered to her employment claims was not yet evident. That strategy only became apparent during the May 8, 2018 deposition of David Dvorak, Zimmer Biomet's former Chief Executive Officer, thereby forcing Zimmer Biomet to instruct Mr. Dvorak not to answer certain questions on these disputed topics.

3.   In May 2018, Plaintiff advised Zimmer Biomet that she was unilaterally adjourning the deposition of Bill Fisher, Zimmer Biomet's Senior Vice President, Global Human Resources, pending eventual resolution of the parties' substantial discovery disputes.

4.   Several weeks later, on June 19, 2018, Plaintiff filed a Motion to Compel [Dkt. 36] based on, among other things, Zimmer Biomet's instruction to Mr. Dvorak not to respond to certain deposition questions that infringed on granular securities fraud scienter issues and its objection to requests for expansive "comparator" discovery. Plaintiff also seeks to "re-depose" Mr. Dvorak on various objectionable topics implicated by the Motion to Compel.

5.   On July 5, 2018, Defendant filed a Motion to Stay All Proceedings [Dkt. 44], requesting that this case be stayed pending the resolution of motions to dismiss in a putative securities class action, captioned *Shah et al v. Zimmer Biomet Holdings, Inc. et al*, Case No. 3:16-cv-00815 (N.D. Ind. Dec. 21, 2016) ("*Shah* Securities Action"), in light of Plaintiff's recent attempt to seek discovery of, among other out-of-scope topics, the granular securities issues addressed in that briefing.

6.   On August 6, 2018, Defendant advised Plaintiff that the depositions of Messrs. Florin and Norris, scheduled for August 22, 2018, needed to be adjourned pending resolution of the Plaintiff's Motion to Compel and Defendant's Motion to Stay All Proceedings, including because it would be inefficient and prejudicial to produce these two senior executive deponents

for their scheduled half-day deposition while the parties remain uncertain about the scope of fact discovery Plaintiff will be permitted generally, and more specifically on the securities fraud-scienter issues subject to the automatic stay of discovery in the *Shah* Securities Action.[1]  Doing so would require Zimmer Biomet to instruct the witnesses not to answer, leading to another Motion to Compel, further briefing to the Court, and the potential burden to reproduce the senior executives a second time.

7. On August 10 and 13, 2018, the Parties exchanged letters comprehensively addressing this issue.  *See* Aug. 10, 2018 Correspondence from Plaintiff to Zimmer Biomet, attached hereto as Exhibit A; Aug. 13, 2018 Correspondence from Zimmer Biomet to Plaintiff, attached hereto as Exhibit B.

8. Counsel for Defendant advised the deponents that the deposition would be rescheduled in the future, and Defendant's lead counsel in Philadelphia has already canceled flight and hotel accommodations, as well as court reporting services, and did so before receiving Plaintiff's request to seek a telephone conference with the Court.

9. Zimmer Biomet has made clear to Plaintiff that it will work cooperatively, as it has throughout this case, to reschedule the depositions of Messrs. Florin and Norris (and the deposition of Mr. Fisher that Plaintiff adjourned for the same reason) on mutually agreeable dates after the Court resolves the pending Motion to Compel and Motion to Stay All Proceedings.[2]  It has similarly advised that it will do the same for the rescheduling of Plaintiff's deposition and the deposition of Plaintiff's declarant.  Finally, it has advised Plaintiff that it will seek, jointly or

---

[1] Defendant also advised that it was adjourning the two depositions it scheduled:  Plaintiff's deposition and a deposition of a non-party who submitted a declaration on Plaintiff's behalf in connection with Defendant's partial Motion to Dismiss [Dkt. 30, 31].

[2] Zimmer Biomet has not provided alternative September 2018 dates for these senior executives' depositions given the uncertainty associated with the pending motions and the possibility that any rescheduled dates might need to be adjourned again (with the parties potentially incurring associated travel expenses for such cancellations).

unilaterally, extensions of the case management deadlines, if necessary, depending on when the Court rules and the implications of the Court's decisions.

10. The Emergency Motion differs from, and is more expansive than, the request for a teleconference Plaintiff proposed the parties submit jointly, including inasmuch as it addresses discovery issues about which the parties have not met and conferred, such as Zimmer Biomet's responses to Plaintiff's Second Requests for Production and Second Set of Interrogatories, to which Zimmer Biomet properly interposed substantive, scope, and proportionality objections in addition to objections on the basis of the pending motions.  Plaintiff's Emergency Motion further notes that Zimmer Biomet has not moved to quash the deposition subpoenas directed to Messrs. Florin or Norris.  [Dkt. 58, ¶ 12.]  Nor should it have; Zimmer Biomet intends to produce Messrs. Florin and Norris for deposition after resolution of the pending motions, as it has informed Plaintiff, and it has advised Plaintiff that it would seek an extension of the case management deadlines if the Court has not ruled on the pending motions by September 10.

Date:  August 15, 2018

Respectfully submitted:

*/s/ Troy S. Brown*
Troy S. Brown (*pro hac vice*)
Michael L. Banks (*pro hac vice*)
Meredith E. Riccio (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
troy.brown@morganlewis.com
michael.banks@morganlewis.com
meredith.riccio@morganlewis.com

          John D. Ladue
          Stephen M. Judge
          LADUE | CURRAN | KUEHN
          100 E. Wayne St., Suite 300
          South Bend, IN 46601
          Tel: (574) 968-0760
          Fax: (574) 968-0761
          jkuehn@lck-law.com
          sjudge@lck-law.com

*Attorneys for the Defendant
Zimmer Biomet Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system on August 15, 2018.

                                            /s/ *Meredith E. Riccio*
                                            Meredith E. Riccio