UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBIN BARNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-00616 JD |
| | ) |
| ZIMMER BIOMET HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Robin Barney resigned from her post as a senior vice president for Defendant Zimmer Biomet Holdings ("Zimmer"). Based on several events that occurred shortly before and after her resignation, Barney filed a lawsuit, alleging sex discrimination, breach of contract, and constructive discharge. In the original suit, *Barney I*,[1] Ms. Barney filed three amended complaints [DE 1; 16; 27] and Zimmer filed a partial motion to dismiss seeking dismissal of Ms. Barney's contract and constructive discharge claims made in the third amended complaint [DE 30]. This Court granted Zimmer's partial motion to dismiss and, specifically, granted the motion to dismiss Ms. Barney's constructive discharge claim without prejudice. [DE 67]. Shortly after the Court's decision, Ms. Barney moved to amend or correct the complaint in a Fourth Amended Complaint filed with the Court on December 6, 2018. [DE 69-1]. On April 5, 2019, the magistrate judge denied in part Ms. Barney's motion for leave to file the proposed and updated constructive discharge claim as part of her Fourth Amended Complaint. [DE 80]. Shortly thereafter, Ms. Barney filed an objection to the magistrate judge's decision [DE 82], but two weeks later she withdrew her objection. [DE 83].

---

[1] The original suit, *Barney I*, can be found in case number 3:17-cv-616.

1

On May 2, 2019, Barney filed a new complaint in Marion Superior Court, Indiana, asserting the same constructive discharge claim the Court had dismissed in *Barney I*. Zimmer subsequently removed the state complaint to the U.S. District Court for the Southern District of Indiana, thereby opening a new case in the federal system—*Barney II*.[2] Zimmer moved to transfer the case to the Northern District of Indiana, where *Barney I* was pending before this Court. [DE 12 in *Barney II*]. On June 13, 2019, Ms. Barney filed her First Amended Complaint in *Barney II*, which is the relevant complaint for purposes of this motion to dismiss. [DE 22 in *Barney II*]. On August 26, 2019, *Barney I* and *Barney II* were consolidated without objection and the relevant docket for this case may be found in *Barney I* (3:17-cv-616). Zimmer then filed a motion to dismiss Ms. Barney's First Amended Complaint from *Barney II*, again seeking dismissal of her constructive discharge claim. [DE 98]. Zimmer made several arguments in support of its' motion to dismiss, but the Court addresses only the most persuasive. Zimmer argues, among other things, that Ms. Barney's wrongful constructive discharge claim should be dismissed as duplicative of claims asserted and conclusively resolved in *Barney I*. [DE 98 at 8]. For the reasons stated herein, the Court will grant the motion.

First, the operative *Barney II* complaint is materially the same as the Fourth Amended Complaint in *Barney I*, which the magistrate judge denied leave to file. Ms. Barney waived any objection to that order, and her request to proceed on essentially the same complaint now functions as an untimely appeal of the magistrate judge's order, which the Court will not entertain. Ms. Barney alleges that she filed a *different* complaint in state court which included her original wrongful constructive discharge legal theory, but with some modifications of the factual allegations. [DE 100 at 7-8]. Ms. Barney argues that her First Amended Complaint in

---

[2] The case number for *Barney II* is 3:19-cv-00546.

*Barney II* [DE 22] is not the same as her Third Amended Complaint that was dismissed without prejudice in *Barney I* [DE 27; DE 67] or her Fourth Amended Complaint that she was not granted leave to file in *Barney I* [DE 69-1]. The Court recognizes that Ms. Barney's Third and Fourth Amended Complaints in *Barney I* do not contain the exact same allegations. But what is relevant here is her Fourth Amended Complaint in *Barney I* and her First Amended Complaint in *Barney II*. After the dismissal of her constructive discharge claim, Ms. Barney sought leave to amend her complaint for a fourth time. [DE 69]. The magistrate judge reviewed her Fourth Amended Complaint and found that it had not cured the deficiencies that led this Court to dismiss her Third Amended Complaint. [DE 80]. The magistrate judge found that her repleaded constructive discharge claim was futile as she had not adequately alleged that Zimmer subjected her to a wrongful constructive discharge. *Id*. Therefore, the Court denied her motion to amend the complaint. Initially, Ms. Barney filed an objection to that decision [DE 82], but later withdrew the objection and elected to proceed with the Third Amended Complaint as the operative complaint. [DE 83]. When comparing the First Amended Complaint that was filed in state court to the Fourth Amended Complaint filed in federal court, there are no significant differences or new allegations which need to be evaluated by this Court. Ms. Barney argues in a footnote that the two complaints are different but fails to demonstrate how they are different. [DE 100 at 8 n.6]. Thus, the Court finds the same claim of wrongful constructive discharge back before it after a long and winding procedural history.

As noted earlier, Ms. Barney's First Amended Complaint contains the same substantive allegations as her Fourth Amended Complaint included in her motion for leave to amend in *Barney I*. In reviewing her motion for leave to amend, the magistrate judge sufficiently explained why even if Barney's constructive discharge theories adequately met the first requirement of a

constructive discharge claim,[3] her claim was still futile because she failed to plausibly allege that she was *actually* constructively discharged. [DE 80 at 9]. Ms. Barney had an opportunity to seek this Court's review of the magistrate judge's decision but withdrew her objection and thus her opportunity for review before filing the claim in state court. [DE 82]. Rule 72(a) requires any objection to a magistrate judge's order on a non-dispositive matter to be filed within 14 days of the order. Fed. R. Civ. P. 72(a). The rule further states that a "party may not assign as error a defect in the order not timely objected to." *Id.* The Seventh Circuit has determined that "the failure to object to the recommendations and decisions of a magistrate judge is one instance we have held waiver of appellate review results." *United States v. Hall*, 462 F.3d 684, 688 (7th Cir. 2006). This rule "prevents a litigant from sandbagging the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be proper subject for appellate review." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 742 (7th Cir. 1999) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)). If Ms. Barney disagreed with the magistrate judge's explanation and decision of her motion to amend, then she should have let her objection stand so that this Court could determine the issue in an efficient and effective manner. Thus, Ms. Barney failed to appeal or seek reconsideration of the denial of her motion to amend the constructive discharge claim and is precluded from seeking review of the claim now.

But even if the Court were to now construe Ms. Barney's First Amended Complaint in *Barney II* as a motion for leave to amend her Third Complaint in *Barney I* as it relates to her constructive discharge claim, that motion would be denied. There are several factors that support a denial of a motion for leave to amend the constructive discharge claim. One factor is that

---

[3] "To succeed on a constructive discharge claim, Barney must establish (1) that she is entitled to bring a retaliatory discharge claim under an exception to the employment at-will doctrine; and (2) that she was indeed constructively discharged." [DE 80 at 5].

4

discovery is currently stayed in this case pending the resolution of this issue and the case is over three years old. Ms. Barney's multiple attempts to plead this claim has contributed to great delay in this case and need not be sanctioned by this court. Another factor is that Ms. Barney has had numerous opportunities to address the problems in her claim and failed to do so. The Seventh Circuit has recognized that a "district court is not required to grant such leave when a plaintiff has had multiple opportunities to state a claim upon which relief be granted." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012) (noting that the plaintiffs already had three opportunities to address the insufficiencies in their complaint). More recently, the Seventh Circuit upheld a district court decision with similar facts finding that the plaintiff had sufficient opportunities to amend the complaint and noting that "[n]one of the amendments in the proposed Fourth Amended Complaint would cure the defects that led to dismissal of the Third Amended Complaint." *Dixon O'Brien v. Vill. of Lincolnshire*, No. 19-1349, slip-op at 30-31 (7th Cir. Apr. 7, 2020); *see also*, *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322–23 (7th Cir. 1998) (recognizing that "while it is possible that the deficiencies of the complaint could be cured by further pleading, the plaintiff has had three chances over the course of three years to state a claim and the district judge was not required to give her another chance.").

Ms. Barney already filed or sought leave to file five versions of her complaint in *Barney I* (her initial complaint, three amended complaints, plus the Fourth Amended Complaint she was denied leave to file). There is no reason that any allegations in *Barney II* could not have been included in those complaints. Moreover, Ms. Barney's litigation decision to withdraw her objection to the magistrate judge's order and pursue her claim in another forum does not create good cause for this Court to review the amended complaint again. *See Arrigo v. Link*, 836 F.3d

787, 798 (7th Cir. 2016). Allowing leave to file what would in effect be a Fifth Amended Complaint would be extraordinary and is not warranted here.

The final factor that supports denying leave to amend is the statements made by Ms. Barney when withdrawing her objection to the magistrate judge's decision. Ms. Barney stated that she was electing "not to pursue her objection to the Magistrate Judge's Order [Dkt. 82] and has further elected to proceed in this case with the Third Amended Complaint as the operative complaint." [DE 83 at 2]. At that point, Ms. Barney committed to her theory of the case and it would be unfair to Zimmer to allow Ms. Barney to use procedural maneuvers to re-insert the same claim at this point in the litigation. Each such maneuver results in an expense of time and money for the defendant and thus serves as prejudice to them. Moreover, each such maneuver results in a further commitment of time and attention by the Court. As the Seventh Circuit has advised, "[t]here must be a point at which a plaintiff makes a commitment to the theory of the case." *Johnson v. Cypress Hill*, 641 F.3d 867, 871 (7th Cir. 2011) (citation omitted). Ms. Barney stated that the Third Amended Complaint in *Barney I* would be the operative complaint for this suit. This Court recognizes that Ms. Barney had several opportunities to remedy the deficiencies in her constructive discharge claim and will not grant her another opportunity to do so.

Therefore, for the reasons discussed, the Court **GRANTS** Zimmer's motion to dismiss [DE 98] and **DISMISSES** Ms. Barney's First Amended Complaint in *Barney II* alleging constructive discharge. With that, it is the court's hope that the stay can now be lifted and this aging case begin to advance.

SO ORDERED.
ENTERED: April 8, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court

6